# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TONY M. HUNTER | § | |
| | § | |
| V. | § | CASE NO. 4:06cv138 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be REVERSED and REMANDED.

### HISTORY OF THE CASE

Plaintiff applied for Title II and Title XVI disability benefits on October 18, 2002, (protective filing date), alleging disability since August 2001, due to a herniated disk in his lower back and extreme back pain (Tr. 28, 43, 57). *See* Plaintiff's Brief at 2-3. Plaintiff was born in 1967, and is a high school graduate (Tr. 63, 276). The Agency denied Plaintiff's applications at the initial and reconsideration levels after state agency medical consultants William M. Runkle, M.D., and Moira Dolan, M.D., determined that Plaintiff retained the capacity to perform a range of light work (Tr. 27, 28, 39, 78, 258-262, 79-86, 102-109). Both medical consultants determined that Plaintiff could sit (with normal breaks) for a total of about six hours of an eight hour day (Tr. 80, 103). The Agency noted a primary diagnosis of chronic back pain at the reconsideration level (Tr. 27-28).

An attorney represented Plaintiff at an October 15, 2004, hearing (Tr. 268). The ALJ issued an unfavorable decision on November 23, 2004 (Tr. 14-20). The ALJ indicated that Plaintiff had severe impairments related to degenerative disc disease with surgery, left knee surgery, degenerative joint disease in the right knee, and obesity, but Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (Tr. 19).

The ALJ concluded that Plaintiff was restricted to sedentary work (Tr. 19). Plaintiff could not return to his past relevant work and did not have any transferable skills (Tr. 19). Given his capacity to perform sedentary work, the Medical-Vocational Guideline (grid rule) 201.28 directed a determination that Plaintiff was not disabled (Tr. 19).

Plaintiff's attorney requested Appeals Council review of the November 23, 2004, ALJ decision, and Plaintiff's attorney submitted additional evidence to the Appeals Council in December 2005 (Tr. 3-9, 224-244). The Appeals Council considered the contentions of Plaintiff's attorney and the additional evidence, but determined that there was no basis for changing the ALJ's decision (Tr. 3-9, 224-244)). Plaintiff sought judicial review of the Commissioner's decision.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act, and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.  The claimant's degenerative disc disease with surgery, left knee surgery, degenerative joint disease in the right knee, and obesity are considered "severe," based on the requirements in the Regulations 20 CFR §§ 404.1520© and 416.920(b).

4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned (ALJ) finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The claimant has the residual functional capacity to sit up to six hours and stand up to two hours in an eight-hour day, and to lift up to ten pounds.

7.  The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1564 and 416.964).

8.  The claimant is a "younger individual" (20 CFR §§ 404.1564 and 416.964).

9.  The claimant has a "high school education" (20CFR§§ 404.1564 and 416.964)

10. The claimant has no transferable skills from semi-skilled work previously performed as described in the body of the decision (20 CFR §§ 404.1568 and 416.968)

11. The claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR §§ 404.1567 and 416.967)

12. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical -Vocational Rule 201.28.

13. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(g) and 416.920(g).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

In this case, the determination was made at the fifth step concerning whether Plaintiff demonstrated impairments which prevented him from performing a significant number of light jobs in the economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Plaintiff argues that the ALJ erred in not properly considering his treating physician's opinions and rejecting the opinions in contravention of the regulations. Plaintiff argues that the ALJ

5

rejected Dr. McDonald's opinion that Plaintiff can sit for less than six hours during an eight hour workday in arriving at his conclusion that Plaintiff can do sedentary work.  The Fifth Circuit has repeatedly held that "ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability." Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir. 1984); *Smith v. Schweiker,* 646 F.2d 1075, 1081 (5th Cir. 1981); *Perez v. Schweiker,* 653 F.2d 997, 1001 (5th Cir. 1981); *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir. 1980)).  "The ALJ may give less weight to a treating physician's opinion when 'there is good cause shown to the contrary [.]'" *Scott,* 770 F.2d at 485 (citing *Perez,* 653 F.2d at 1001; *Smith,* 646 F.2d at 1081; *Fruge,* 631 F.2d at 1246); *accord Newton v. Apfel,* 209 F.3d 448, 455-56 (5th Cir. 2000); *Leggett v. Chater,* 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237; *Moore v. Sullivan,* 919 F.2d 901, 905 (5th Cir. 1990); *see also Loza v. Apfel*, 219 F.23d 378, 395 (5th Cir. 2000).  Good cause exceptions recognized by the Circuit include disregarding statements that are brief and conclusory, not supported by medically accepted and clinical laboratory diagnostic techniques, or otherwise supported by the evidence. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

Dr. McDonald's October 2004 Medical Assessment notes that Hunter is limited to sitting for a total of "less than 6 hours in a regular work day" because he needs "frequent position changes." ( Tr. 209).  The ALJ appears to reject Dr. McDonald's opinions on two grounds.  First, he finds no evidence to support that Hunter was examined after December 2003.  However, later treatment records were included as part of the record. There are four treatment entries over a ten month period after December 2003. Second, he finds no objective evidence that Hunter is severely limited. There was ample medical evidence in the record justifying McDonald's opinons. If the ALJ wishes to reject this evidence, he must follow the rules of the Agency and the law of the Circuit in doing so.

The Court finds that the judgment of the Commissioner should be REVERSED and REMANDED for consideration of Dr. McDonald's opinion and conclusions.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REVERSED and REMANDED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 9th day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE